

**SIGNED this 17th day of June, 2008.**

```
                              _____
                                    FRANK R. MONROE
                              UNITED STATES BANKRUPTCY JUDGE
```
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | X | CASE NO. 07-60831 FRM |
| FRANK HENRY FEHMEL | X | |
| SHARON LEE FEHMEL | X | CHAPTER 7 |
| | X | |
| DEBTORS | X | |
| | X | |

MEMORANDUM OPINION

Came on to be considered the Debtors' Motion to Reconsider the Order Regarding Union State Bank's Objection to Debtor's Claim of Exemptions entered on May 22, 2008. The Court determined that certain objections to exemptions be granted and certain be denied. The Debtors seek reconsideration specifically of the Court's ruling that Mr. Fehlmel's tools of the trade were not exempt and that the debtors were not entitled to passive appreciation due to market forces in addition to the exemption cap imposed by §522(p).

The Debtors argue that the cases cited by the Court to support its ruling that the debtors are

1

not entitled to passive appreciation in addition to the cap imposed by §522(p) do not actually support this holding, and, if anything, support the Debtor's position that they are entitled to passive appreciation. *In re Anderson,* 374 B.R. 848 (Bankr. D. Kan. 2007); *In re Blair*, 334 B.R. 374 (Bankr. N.D. Tex. 2005); *In re Sainler,* 344 B.R. 669 (Bankr. M.D. Fla. 2006). Debtors misconstrue the rulings in these cases. These cases concluded that §522(p) applies only where the property was acquired within the 1,215 day period.[1] And that is the proposition for which the cases were cited by this Court. These cases do not address the situation where the property is actually purchased within the 1,215 day period and there is also appreciation during the same 1,215 day period.

When a debtor acquires title to his homestead, he acquires a vested economic interest in the property. If this occurs within the 1,215 days prior to the petition date, §522(p)(1) is triggered. Once the section is triggered, the cap applies. The statute addresses what types of additions can be added to the cap. The only one provided is any rollover equity from the debtor's prior homestead actually put into the new homestead. The statute does not provide that increases in equity generated by improvements to the homestead or by any market forces are added to the cap. If Congress had so intended, it could have so provided. It did not.

Further, even if this Court found that passive appreciation could be added to the cap, Debtors failed to prove what value came from passive appreciation.

The Debtors also ask the Court to clarify whether post-petition appreciation or diminution affect the cap. These items do not affect the value of the Debtor's exemption. The homestead property entered the estate pursuant to §541 of the Bankruptcy Code. According to §522(p), the

---

[1] The fact that during the 1,215 day period equity increased through passive appreciation and/or mortgage payments was irrelevant. The determinative issue was when the property was acquired.

exempt portion, $273,750 .00, is excluded from the estate. Again, the statute does not include post-petition increases/decreases in equity. The statute says what it says. Debtors are limited to the designated monetary cap under §522(p) of $273,750.00 plus any post-petition principal reduction to the mortgage.

The Debtors also argue that the use by Mr. Fehmel of his tools in the course and scope of his employment at Central Texas Precision, Inc., would not have generated income that would have been reflected on his individual tax return. And, that is the exact reason that the Court held that the tools of the trade were not exempt. Mr. Fehlmel was producing the income to and for the benefit of his corporation and not individually prior to CTP ceasing operations. And then, once CTP ceased operations and Mr. Fehmel commenced preparation of his bankruptcy proceeding, Mr. Fehmel did not use the tools in an individual capacity for a monetary purpose. The exemption for the tools of the trade is denied.

###